FILED
SUPERIOR COURT
OF GUAM

2024 JUL 31 PM 3: 51

CLERK OF COURT
BY:_____



**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **IN THE MATTER OF THE APPLICATION**<br><br>**OF**<br><br>**JAYNARD P. WHITE,**<br>**(DOB: 12/02/1984)**<br><br>**Petitioner.** | **SPECIAL PROCEEDINGS CASE NO.**<br>**SP0055-24**<br><br>**DECISION AND ORDER**<br>**DENYING VERIFIED PETITION**<br>**FOR EXPUNGEMENT** |

This matter came before the Honorable Dana A. Gutierrez on June 13, 2024 upon a Verified Petition for Order of Expungement of Criminal Records ("Petition"), filed by Petitioner Jaynard P. White ("Petitioner") on April 22, 2024. Present via Zoom were Petitioner with counsel Attorney Charles H. McDonald II and Acting Chief Prosecutor Gloria Rudolph representing the People of Guam (the "People"). Upon review of applicable Guam law, the Court hereby **DENIES** the Petition.

## BACKGROUND

Petitioner seeks to expunge his criminal record reflecting that he was convicted of driving under the influence of alcohol in 2011 in Superior Court of Guam Criminal Case No. CM1161-11.[1] Pet. at 1.

The People filed a response to the Petition on June 12, 2024, stating that the Office of the Attorney General of Guam "**DOES NOT OPPOSE** the filing of [the Petition] and the Court executing an Order to that effect with respect to Criminal Case CM1161-11." People's Non-

---

[1] Petitioner also seeks the following relief: 1) that the fingerprints, photographs, and palmprints taken during and following this conviction be returned to Petitioner; 2) that the clerk of the Superior Court of Guam seal the records filed under Criminal Case No. CM1161-11. . . and 3) that the conviction . . . be deemed a nullity and that the Petitioner be restored. . . to the status he occupied before his conviction.

Opposition for Expungement (June 12, 2024). At the Petition hearing, the People confirmed their non-opposition, stating, "we don't agree with the factors, but we agree that [Petitioner] has laid them out, so it's a matter of the Court's determination on whether or not they are valid. We just don't oppose his request." Min. Entry, 10:41 AM (June 13, 2024).

At the Petition hearing, Petitioner requested, and the Court granted, leave of court to file a supplemental brief in support of the expungement. On June 21, 2024, Petitioner submitted a Memorandum and Points of Authority in Support of Verified Petition for Order of Expungement of Criminal Records ("Supplemental Brief") and Declaration of Jaynard P. White ("Petitioner's Declaration"). The Court took the matter under advisement upon receipt of the Supplemental Brief.

## DISCUSSION

Petitioner argues the Court has "inherent authority to expunge criminal records by virtue of its power 'to amend and control its process and orders so as to make them conformable to law and justice,'" provided by Title 7 Guam Code Annotated ("GCA") Section 7107(h). Suppl. Brief at 2.

Petitioner submits that he has not been charged with any offense since the alleged 2011 incident. Pet. at ¶ 5. Petitioner also asserts that his criminal record has unduly burdened his right to travel as he and his family are consistently stopped and questioned by Immigrations Officers pursuant to his ten-year-old record, and that he has experienced racial profiling as a result of the secondary screening process. *Id.* at ¶ 6; *see also* Petitioner's Decl. at ¶¶ 22-25. Petitioner claims that he has experienced hardships getting employment opportunities due to his 2011 conviction, and specifically cites that he has been rejected for overseas training opportunities. Petitioner's Decl. at ¶¶ 11, 15. Finally, Petitioner raises that he poses a low risk to the public and that his expungement poses no risk to the public. Pet. at ¶ 7.

I.      <u>The Court May Have Inherent Authority to Expunge Criminal Records</u>

In *People v. Wai Kam Ho*, 2009 Guam 18, the Guam Supreme Court recognized that the

trial court *might* possess inherent authority to expunge criminal records "by virtue of its power 'to

amend and control its process and orders so as to make them conformable to law and justice,' 7

GCA § 7107(h), or from its duty to enforce constitutional guarantees or its power to control judicial

functions and its agents . . . ." *People v. Wai Kam Ho*, 2009 Guam 18 ¶ 28.

In *Ho*, the Guam Supreme Court identified three "general schools of thought" recognized

by jurisdictions: 1) that courts have no inherent authority to expunge a criminal record unless a

statute so provides; 2) that, absent statutory authority, courts have inherent authority to expunge

records upon a showing that either a constitutional right has been violated or that there is an

extreme need or exceptional circumstances warranting expungement; and 3) that, absent statutory

authority, courts may expunge a criminal record upon a showing of less than a constitutional error

or an extreme necessity after employing a balancing test to determine whether expungement is

appropriate. *Id.* at ¶¶ 12-13.

Ultimately, the Guam Supreme Court did not adopt a test to determine whether the trial

court had inherent authority to expunge because the Court found that the petitioner in that matter

had not demonstrated justification for expungement under any of the approaches. *Id.* at ¶ 33.

Petitioner argues that he satisfies each of the tests outlined in *Ho,* and therefore the Court

should grant expungement. *See generally* Suppl. Brief. Just as the Guam Supreme Court did in *Ho*, .

the Court will analyze each test to determine whether Petitioner is eligible for expungement under

any of the tests.

A.      <u>Petitioner Is Ineligible for Expungement Based on Statutory Authority</u>

Under the first school of thought discussed in *Ho*, courts only have jurisdiction to expunge

records if authorized by statute. Title 8 Chapter 11 of the GCA governs expungements of criminal

records in Guam, and states, in relevant part:

> The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law shall be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides not to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon Review Board when a pardon is granted pursuant to §1422 of the Organic Act of Guam, except for the pardon of a felony offense involving violence. Expungement shall not occur for an offense which requires a person to register as a sex offender, as defined in § 89.03 of Title 9, Guam Code Annotated, until the defender's name is removed from the registry.

8 GCA § 11.10(a).

In his Petition, Petitioner states that this Court has jurisdiction over the matter pursuant to

8 GCA § 11.10. Pet. at ¶ 2. However, Petitioner does not allege which, if any, of the circumstances

in 8 GCA § 11.10(a) apply to his case. Based on what Petitioner has provided, the Court does not

find that any of the circumstances in 8 GCA § 11.10(a) have been met to require expungement.

### B. Petitioner Is Ineligible for Expungement Based on a Constitutional Violation

Under the second school of thought discussed in *Ho*, courts may expunge criminal records

absent statutory authority upon a showing that a constitutional right of the petitioner has been

violated. *Ho*, 2009 Guam 18 at ¶ 13. Under this theory, an order of expungement may only be

issued upon "proof that a constitutional violation had actually occurred or was threatened." *Id.* at

¶ 17. Further, "even upon proof of a past or imminent constitutional violation, an order to expunge

would be justified only upon a further showing that less drastic remedies—such as limiting,

regulating, or the enjoining misuse or improper dissemination of the disputed criminal records—

could not cure or prevent the threatened harm." *Id.*

Petitioner argues that his constitutional right to travel freely has been unduly burdened. Suppl. Brief. at 2–3 (citing *Tobe v. City of Santa Ana*, 9 Cal. 4th 1069 (1995)). The United States Supreme Court has held that the "[f]reedom to travel throughout the United States has long been recognized as a basic right under the Constitution." *Dunn v. Blumstein*, 405 U.S. 330, 338 (1972) (quotations omitted). The Supreme Court has further distinguished this fundamental right to travel interstate from the right to travel "outside the United States." *Haig v. Agee*, 453 U.S. 280, 306 (1981) ("[T]he *freedom* to travel outside the United States must be distinguished from the right to travel *within* the United States."). Neither of these rights are absolute, and as such, the government may place reasonable restrictions on the right to interstate travel. *See Saenz v. Roe*, 526 U.S. 489, 499 (1999); *see also Town of Southold v. Town of East Hampton*, 477 F.3d 38, 54 (2d Cir.2007) (holding that "travelers do not have a constitutional right to the most convenient form of travel."); *see also United States v. Montoya de Hernandez*, 473 U.S. 531, 540 (1985) (stating "not only is the expectation of privacy less at the border than in the interior, the Fourth Amendment balance between the interests of the Government and the privacy right of the individual is also struck much more favorably to the Government at the border.") (citations omitted).

Further, federal circuit courts have affirmatively held that the constitutional right to travel is not violated by "minor burdens," *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999), or "[m]inor restrictions." *Cramer v. Skinner*, 931 F.2d 1020, 1031 (5th Cir. 1991); *see also Elhady v. Kable*, 993 F.3d 208, 221–22 (4th Cir. 2021) (finding plaintiffs' unsupported allegations of routinely being subjected to "enhanced scrutiny" and missing flights as a result of being put on a terrorist screening database did not give rise to a constitutional violation of the right to travel); *see also Beydoun v. Sessions*, 871 F.3d 459, 467–68 (6th Cir. 2017) (accepting that missing "countless

flights" after being subjected to lengthy secondary security screenings and being deterred from flying were burdens on the right to travel but these did not amount to a constitutional violation); *see also Abdi v. Wray*, 942 F.3d 1019, 1030–31 (10th Cir. 2019) (holding that the government preventing plaintiff from boarding his flight for two days did not amount to a substantial interference with his right to travel).

Here, Petitioner asserts that he must travel often for work and with his family, and that he and his family are consistently stopped by airport law enforcement and subjected to secondary screening to determine whether he is eligible to travel. Suppl. Brief at 3. Petitioner continues that the screening may last for hours, and that his wife and children are scared and embarrassed to travel because of secondary screening. *Id.*

First, the Court notes that Petitioner has not provided any evidence or details of specific instances in which Petitioner or his family were subjected to secondary screenings. Moreover, even if Petitioner had submitted evidence of such stops, Petitioner would have to demonstrate how the screenings rise above the level of a minor burden and into the level of a constitutional violation. Because Petitioner has failed to do so, he is ineligible for expungement based on a constitutional violation.

### C.    Petitioner Is Ineligible for Expungement Based on Extreme Necessity

Under the second school of thought addressed in *Ho,* courts also have the power to expunge records absent statutory authority or constitutional violations when exceptional circumstances warrant expungement. *Ho,* 2009 Guam 18 ¶ 18. However, this power is narrow and should be used sparingly. *Id.* "What rises of the level of an extreme case is where the harm that results to the person from maintaining the records outweighs the need to maintain them." *Id.*

The Guam Supreme Court recognized that this standard offers little guidance, but that

because courts apply the standard so strictly, it is "obvious that most courts agree that 'the need of the criminal justice system for maintenance of accurate records should ordinarily prevail even over the individual's right to privacy except for the most exceptional circumstances.'" *Id.* "Additionally, no court has ever questioned the legitimacy or importance of the government's interest in keeping records regarding those individuals who pass through the criminal justice system." *Id.* Finally, the Guam Supreme Court noted that courts which implement this approach "view most collateral civil consequences as insufficient to warrant expungement." *Id.* at ¶ 21 (citing a case in which alleged-disbarment and the possibility of prohibition against reenlistment were not unusual or unwarranted circumstances which justified expungement, but instead were the natural and intended consequences of having been convicted.").

Petitioner argues that expungement is warranted out of extreme necessity and exceptional circumstances to prevent Petitioner from experiencing travel burdens and racial discrimination. Suppl. Brief at 3. First, the Petitioner does not elaborate on how expunging his criminal record would prevent him from being racially profiled. Petitioner also fails to distinguish his own circumstances from the natural and intended consequences of having been convicted. Moreover, Petitioner did not present any case law or other authority to indicate that his alleged circumstances are considered exceptional and justify expungement. For these reasons, and because the standard for when a court may expunge a criminal record under this approach is applied so strictly and rarely, Petitioner is not eligible for expungement based on the extreme necessity approach.

### D. Petitioner Is Not Entitled to Expungement Under Minnesota's "Balancing Test" Approach

Under the final approach outlined in *Ho,* which the Guam Supreme Court recognized as the most lenient approach, some states employ their own balancing test to determine when expungement is appropriate absent statutory authority or a constitutional violation. Minnesota's

test, which the trial court analyzed in *Ho,* "allows its trial courts to grant expungement if doing so will 'yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing and monitoring an expungement order.'" *Ho,* 2009 Guam 18 at ¶ 23 (citing *State v. H.A.,* 716 N.W.2d 360, 363 (Minn. Ct. App. 2006)).

To determine whether expungement will yield a benefit commensurate with societal burdens, the following factors are considered:

> 1) the extent that the petitioner has demonstrated difficulties in securing employment or housing, 2) the seriousness and nature of the offense, 3) the potential risk that the petitioner poses and how this affects the public's right to access the records; 4) any additional offenses or rehabilitative efforts; 5) other objective evidence of hardship under the circumstances.

*Id.* at ¶ 25.

### a.     Difficulty in Securing Housing or Employment

Regarding the first factor, Petitioner contends that he has had difficulties securing employment, specifically including being rejected for overseas training opportunities because of his criminal record. Suppl. Brief at 5. Petitioner does not contend that he has difficulty securing housing.

Minnesota courts have held that it is not enough that expungement may provide the petitioner "greater ease in obtaining employment." *State v. Ambaye,* 616 N.W.2d 256, 261 (Minn. 2000), *see also H.A.,* 716 N.W.2d at 364 (plaintiff's claims of difficulty in securing employment but failure to show a "history of unsuccessful employment attempts" did not justify expungement). Further, where the petitioner is merely "seeking expungement in order to obtain a specific position," but is already "gainfully employed," the first factor does not weigh in favor of expungement. *H.A.,* 716 N.W.2d at 364 (citing *Ambaye,* 616 N.W.2d at 261).

First, Petitioner is gainfully employed by Docomo Pacific as a Project Manager and Technical Operations Manager. Petitioner's Decl. ¶¶ 12–13. Additionally, Petitioner has not provided any information or evidence to support that any of his lost employment opportunities were a result of his conviction. *Cf. United States v. Williams*, 582 F. Supp. 2d 1345, 1348 (D. Utah 2008) (granting expungement after petitioner provided, *inter alia*, a copy of his employer's company policy showing plaintiff does not qualify for promotions because of his unexpunged record).

Therefore, Petitioner has not sufficiently demonstrated difficulties in securing employment or housing, and the first factor weighs against expungement.

> **b.     The Seriousness and Nature of the Offense; Risk to the Public and Public's Access to Records; and Additional Offenses or Rehabilitative Efforts**

The second factor—the seriousness and nature of the offense—generally weighs in favor of expungement where the charge seeking to be expunged is a nonviolent misdemeanor. *E.g., State v. M.E.M.*, No. A09-850, 2010 WL 772441, at *2 (Minn. ct. App, 2010). In this case, Petitioner was convicted of driving under the influence, which is a nonviolent misdemeanor. 9 GCA§ 92104.

The third factor is risk to the public and public's access to records. Petitioner claims that he poses a low risk to the public, and that expunging his record poses no additional risk to the public. Pet. at ¶ 7. Petitioner does not elaborate on this factor.

Regarding the fourth factor—additional offenses or rehabilitative efforts—Petitioner declares that he has not been charged with any additional offenses other than traffic violations and that he successfully completed the conditions of his probation. Petitioner's Decl. at ¶¶ 7–9.

Although the second, third, and fourth factors may favor expungement in this case, the *Ho* Court reasoned that even where the second, third, and fourth factors support expungement, the

lack of evidence regarding the first and fifth factors still resulted in the conclusion that the petitioner was ineligible for expungement. *Ho*, 2009 Guam 18 ¶¶ 25–27.

### c. Other Objective Evidence of Hardship under the Circumstances

The fifth factor analyzes other objective evidence of hardship under the circumstances. In *Ho*, the Guam Supreme Court held that there must be actual evidence of hardship presented for this factor to weigh in favor of expungement. *Id.* at ¶ 27. The presumption that the criminal records may present hardship is not sufficient. *Id.* at ¶ 26.

Although Petitioner contends that his right to travel, freedom from discrimination, and employment opportunities have been unduly burdened due to his criminal record, again Petitioner has not provided the Court with any specific details or evidence to support these contentions, or any details or evidence to indicate that these hardships are in fact due to his criminal record.

Because of Petitioner's failure to sufficiently demonstrate that the first and fifth factors weigh in favor of expungement, the Court does not find that the "benefits from expungement are commensurate with the disadvantages to the public and the court," as required by the Minnesota balancing test. *H.A.*, 716 N.W.2d at 363.

Because Petitioner is ineligible for expungement under any of the tests identified by the Guam Supreme Court in *Ho,* the Court denies the Petition.

### CONLCUSION

For the foregoing reasons, the Court hereby **DENIES** Petitioner's Verified Petition for Order of Expungement of Criminal Records.

JUL 3 1 2024

SO ORDERED: _____

SERVICE VIA EMAIL
acknowledge that an electronic
copy of the original was e-mailed to:

AG's, McDONALD
LAW FIRM
JUL 3 1 2024 4PM
Date: _____ Time: _____

Edna M. Nego
Deputy Clerk, Superior Court of Guam

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

10